ARNOLD v. TYDEN.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1911.)

No. 1,774.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LOCKING DEVICE FOR PEDESTAL TABLES.

The Tyden patent, No. 675,577, for a locking device for pedestal tables, was not anticipated, and discloses invention; also *held* infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by Emil Tyden against John L. Arnold for infringement of patent. From an interlocutory decree for complainant, defendant appeals. Affirmed.

Harry Frease, for appellant.

Charles S. Burton, James Whittemore, and Edward Rector, for appellee.

Before GROSSCUP and BAKER, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge. This suit involves claims 1, 2, 3, 4, 14, 15, and 16 of patent No. 675,577, granted to appellee June 4, 1901, for improvement in locking devices for pedestal tables.

The gist of the invention consists in a device whereby the sections of a table pedestal can be drawn up closely together, more particularly at the bottom, after they are brought into contact with each other, and held firmly in place by means of an actuating mechanism, extending upward to the top of the table within the pedestal, and operated from just under the table-top, thus doing away with the necessity of stooping down under the table and manually tightening the parts by means of sash or other drawing and holding devices. It appears from the record that, by reason of a tendency to sag at the center, it has been difficult to obtain a close contact of the pedestal parts at their base. Pushing the two table-top sections together carried the rigidly attached pedestal sections together at their upper ends, but left their base more or less open. To remedy this, it was deemed necessary to get under the table and manually draw the sections together at their base by means of cam, lever, or other drawing devices.

— TYDEN PATENT —

Fig. 1.

The first claim reads:

"In a pedestal extension-table, in combination with a vertically-divided pedestal and the two separable parts of the table-top attached to the respective parts of the pedestal, means for binding the pedestal parts together, comprising an element on each part at a substantial distance below the top of the pedestal, and means whereby they are adapted to be connected when the pedestal parts approach; means for operating on said elements after they are connected to cause them to bind the pedestal parts together, extending from said elements upward and thence under the table-top toward the margin thereof."

This claim was held void by the Circuit Court of Appeals for the Sixth Circuit, as "too broad and substantially for a function," in Tyden v. Ohio Table Co., 152 Fed. 183, 81 C. C. A. 425. The other claims were sustained, held of narrower scope and limited to the specific devices shown. Since the decision referred to the Supreme Court, in the Paper Bag Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122, has considered the question of functional claims, and held that claims for means are valid where the specifications clearly disclose the particular means or mechanism having the function indicated in the claims. Within this rule the first claim, as well as the others, should be sustained, unless the record shows anticipation.

The sagging at the center, and the inability to bring the pedestal parts together at their base, have already been referred to. The evidence shows that these defects existed, had long been known, many remedies had been attempted without success, and that Tyden was the first to apply the proper remedy, which is an adequate and successful one, generally so accepted by those engaged in the same art.

The separate parts of the device used by Tyden are old. The prior art shows many sash locks, door locks, bed clamps, vehicle brakes, catches, levers operated at a distance, hooks, latches, etc. But he was the first to provide a single device within the hollow pedestal of a table which would draw the two separated parts together and lock them securely by a single operation. No prior patent or description shows any such thing. The early patent to Briggs, No. 3,249, shows a windlass and cable for drawing the parts together, but no locking means, thus leaving the sections apart at the bottom. The Thorn patent of 1851, No. 7,997, shows a hook for holding the sections together after they are closed, and a lever and rod for releasing the hook. In both the Briggs and Thorn inventions the operator must get under the table to close the pedestal parts, just as would be necessary if the ordinary sash lock were used to hold them together after closing. These two early patents referred to came the nearest to being anticipations, but they neither operate in the same manner as the Tyden device nor accomplish a similar purpose. It is unnecessary to rely on the presumption of novelty afforded by the success of the device in suit in order to distinguish the prior art, but it may be sustained on its mechanical merit alone, as an operative combination having an improved result.

As to infringement, defendant's table-locking device embodies the gist and substance of Tyden's invention, and is fully responsive to all

the claims in suit. The location of the parts and the mode of operation are in substance the same and the result identical.

The decree is affirmed.