## APPLE v. FORD MOTOR CO.

### No. 67.

District Court, E. D. Michigan, S. D.

Jan. 2, 1942.

Haight, Goldstein & Hobbs, of Chicago, Ill. (Swan, Frye & Hardesty, of Detroit, Mich., of counsel), for plaintiff.

I. Joseph Farley, of Detroit, Mich. (Frank Parker Davis and Glen E. Smith, both of Chicago, Ill., of counsel), for defendant.

LEDERLE, District Judge.

### Findings of Fact.

#### I.

Plaintiff, doing business as the Vincent G. Apple Laboratories, filed this complaint in which she charges the defendant with infringement of seven patents owned by her. The defendant is a Delaware corporation, and the acts which are alleged to infringe the patents in suit occurred in Ypsilanti, Michigan, within this district and division.

#### II.

The patents originally in suit were No. 1,224,518 issued May 1st, 1917, to Vincent G. Apple; reissue patent No. 17,353, issued July 2nd, 1929, to Vincent G. Apple; No. 1,275,195, issued August 13, 1918, to Vincent G. Apple; No. 1,264,749, issued April 30th, 1918, to Vincent G. Apple; No. 1,238,959, issued September 4th, 1917, to Edward G. Tomlinson, and assigned to Vincent G. Apple; reissue patent No. 16,889, issued February 28th, 1928, to Vincent G. Apple; reissue patent No. 16,823, issued December 20th, 1927, to Vincent G. Apple. During the trial Apple patent No. 1,224,518 and Apple reissue patent No. 16,823 were voluntarily withdrawn from suit and the bill of complaint was dismissed as to these patents. All of the patents in suit are now owned by the plaintiff and there is no question of title involved. The defendant admits that it received notice of infringement.

#### III.

All of the patents relate to the art of making electric motors, and specifically to that part of the manufacture commonly known as winding. Vincent G. Apple for many years prior to his decease was engaged in manufacturing various electrical devices. There is no evidence in this record that either plaintiff or her predecessors in title ever reduced any of the patents to practice. In other words, so far as this record is concerned, all are what is commonly known as paper patents. On April 1st, 1921, a non-exclusive license under the patents in suit, together with other patents, was granted to a subsidiary of the General Motors Corporation or its prede-cessors. Royalties have been paid by the licensee under this agreement, and were being paid at the time of this trial. There is no evidence, however, that the licensee ever made use of any of the claims involved in this suit.

#### IV.

The plaintiff offered very little evidence, but the defendant produced many witnesses who were familiar with the art of motor winding prior to the applications which resulted in the issuance of these patents. It also produced physical exhibits manufactured prior to the issuance of these patents, and reconstructions of other devices which were well known in the art at that time. Testimony of witnesses was taken in open court and was such as to convince me beyond a reasonable doubt that the art of motor winding was highly developed before the patentee's alleged inventions. The defendant's witnesses were not professional witnesses, but mechanics skilled in the art who demonstrated that they were familiar with the practice as mechanics. Vincent G. Apple had an opportunity to observe the work of men of this type, and in the claims in suit it appears that all he did was to describe the then well known devices or the then practiced method of producing these devices.

#### V.

Patent No. 1,275,195 discloses an armature wound with hairpin shaped bars with the adjacent bars overlapping, and both claims of the patent are in suit. This patent, however, contains no disclosure of how the claimed armature could be made, as required by U.S.C.A. Title 35, § 33. But, it has been established beyond a reasonable doubt that the device therein disclosed was manufactured, sold and used publicly more than two years prior to the filing of the patent application on November 19th, 1914, of which the application for the patent purports to be a division. Likewise, the Taylor patent No. 513,347 and the Joel patent No. 646,147 issued many years prior to the application for the patent in suit disclosed everything that is shown in this patent. The patentee was not the inventor of this device. The defendant has not at any time used the kind of wishbone conductors or wishbone loops described in this patent.

#### VI.

Reissue patent No. 17,353, both claims of which are in suit, purports to de-

scribe a method of assembling the bars and core of the armature described in patent No. 1,275,195. The evidence establishes beyond a reasonable doubt that this method of assembly was well known and in public use many years prior to the alleged invention of this patent. It did not require the exercise of inventive genius to develop the method described in this patent. The evidence clearly shows that the method described in this patent is one of the methods which an ordinary operative engaged in work of this kind would naturally develop as a matter of manual dexterity. The evidence likewise clearly shows that the defendant's operatives did not practice the method described in this patent.

## VII.

■ Patent No. 1,264,749 purports to disclose a method of bending the ends of the conductor terminals projecting from the end of the armature core after it is wound. The evidence established beyond a reasonable doubt that the method described in this patent was practiced many years prior to the patentee's alleged invention. This conclusion is supported by the oral testimony of competent witnesses, physical exhibits, and also patent to Geisenhoner, No. 532,776, Sayers No. 543,895, and Anderson No. 1,008,404.

The defendant never practiced the method described in this patent.

## VIII.

■ Patent No. 1,238,959 describes a hand-operated tool for bending the ends of the conductor terminals as described in method patent No. 1,264,749. The evidence in this case clearly establishes that tools for simultaneously bending the ends of a plurality of conductor bars of an armature were in existence and in use many years prior to the patentee's alleged invention. In this connection see patents to Geisenhoner 532,776, Sayers 543,895 and Anderson 1,008,404. If it can be said that the device described in this patent is an improvement of the then existing devices the advance is so slight that it would be well within the skill of an ordinary mechanic and would not require the exercise of inventive genius. It is clear that this patent is invalid for want of invention and it is just as clear that the defendant does not follow the practice described in this patent, but rather the prior art.

## IX.

■ Reissue patent No. 16,889 describes a rather complicated machine for employing power to operate the bending machine disclosed in the Tomlinson patent No. 1,238,959. Claims 1, 2, 5, and 7 which are in suit are very broad and cannot be sustained unless possibly by limiting them to the specific structure disclosed in the drawings and specification.

When so limited, the defendant's accused machine does not follow the teachings of this patent but follows the teachings of the prior art.

## Conclusions of Law.

### I.

Reissue patent 17,353; patent No. 1,275,195; patent No. 1,264,749; patent No. 1,238,959 are all invalid for lack of invention over the prior art. Atlantic Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 27 L.Ed. 438; Minnesota Mining & Mfg. Company v. Coe, 69 App.D.C. 217, 99 F.2d 986. Cuno Engineering Corp. v. Automatic Devices Corp., 62 S.Ct. 37, 86 L.Ed. ——, decided by the United States Supreme Court November 10, 1941.

### II.

The defendant has not infringed any of the patents referred to in conclusion Number One.

### III. .

■ If the claims in suit of reissue patent No. 16,889 are not limited to the specific structure described by the specifications, but are construed to cover all means for the application of power to the Tomlinson tool, then they amount to a claim for a function and must be invalid. However, construing the claims as limited to the specific structure disclosed, it is perfectly clear that the defendant's accused structure does not infringe. Tyden v. Ohio Table Co., 6 Cir., 152 F. 183; Westinghouse v. Boyden Power Brake Co., 170 U.S. 537, 18 S.Ct. 707, 42 L.Ed. 1136; Firestone Tire & Rubber Co. v. United States Rubber Co., 6 Cir., 79 F.2d 948.

### IV.

A judgment may be entered dismissing the complaint, with costs to the defendant.